UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JAMES LANEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No. 6:20-cv-02378 |
| | ) |
| BIOMATRIX SPECIALTY PHARMACY, LLC | ) |
| | ) |
|    Defendant. | ) |
| | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JAMES LANEY (hereinafter "Plaintiff" or "Laney"), and files his Complaint against Defendant, BIOMATRIX SPECIALTY PHARMACY, LLC (hereinafter "Defendant" or "Biomatrix"), and in support he states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and the Florida Civil Rights Act of 1992, Fla. Stat. §§760.10, *et seq.* (hereinafter "FCRA") to redress Defendant's unlawful employment practices against Plaintiff including discrimination, harassment, and retaliation because of his disability, and for exercising, or attempting to exercise, his rights under the FMLA leading to Plaintiff's unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff is a citizen of the United States, and is, and was at all times material, a resident of the state of Florida, residing in Sanford, Florida.

6. Defendant is a Florida for-profit corporation with its principal place of business in Plantation, Florida.

7. Defendant is registered to do business in the state of Florida and Plaintiff worked for Defendant with his home in Florida acting as his base.

8. Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On April 3, 2020, Plaintiff dual-filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"),

against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

11. Plaintiff's charge was filed within three hundred days of the date the alleged unlawful employment practices occurred.

12. On September 29, 2020, the EEOC issued to Plaintiff a Right to Sue.

13. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

14. Plaintiff is a disabled male and/or was perceived as disabled by Defendant.

15. On or about June 4, 2018, Plaintiff began working full-time for Defendant and was employed as a Regional Account Manager.

16. Plaintiff first notified his supervisor, Richard Gilardoni, that he was experiencing health issues in January 2019. At the time Plaintiff did not have a formal diagnosis, but he provided Mr. Gilardoni with a list of his symptoms including, but not limited to, extreme fatigue, fever, cough, headaches, vertigo, shortness of breath, tinnitus, and muscle fasciculations.

17. Plaintiff informed Mr. Gilardoni that he was undergoing testing to acquire a formal diagnosis and he informed him that he would most likely need to utilize FMLA leave to address his health condition/s.

18. Plaintiff and Mr. Gilardoni discussed Plaintiff's health during each of their meetings between January 2019 and August 2019.

19. Plaintiff's disability impaired his ability to drive, impacted his concentration, and when he was experiencing these symptoms, he was unable to work for extended periods.

20. Plaintiff's disabilities impaired his ability to perform his job as his position required him to drive to different locations and to be able to communicate effectively.

21. On or about May 31, 2019, Plaintiff contacted Diane Schumacher, Vice President of Human Resources, and made a formal request for FMLA leave.

22. Ms. Schumacher provided Plaintiff with the Notice of Eligibility and Rights and Responsibilities under the FMLA on June 3, 2019 and informed him that a certification was required from his healthcare provider to support his request for leave.

23. The following day there was a sudden push for Plaintiff to meet with Mr. Gilardoni at 9:00 am in Miami, Florida. Plaintiff already had a CT scan scheduled to occur on June 5th and was unable to drive from Orlando to Miami on such short notice.

24. Plaintiff and Mr. Gilardoni were able to have a phone conference on June 7, 2019, and it was during this meeting Plaintiff first learned that Defendant was placing him on a 30-day Performance Improvement Plan ("PIP") and the PIP was provided to Plaintiff via email on June 17th.

25. On July 2, 2019, Plaintiff's physician, Dr. David Nerness, faxed the completed FMLA certification to Defendant notifying it that Plaintiff was required to only work half-days as a reasonable accommodation due to his condition. Defendant confirmed receipt of this documentation on July 8, 2019.

26. Defendant contacted Plaintiff's physician to confirm his restrictions on July 10, 2019 and Plaintiff's physician confirmed he was only cleared to work half days and was not cleared to work a full-time schedule.

27. Defendant approved Plaintiff's intermittent FMLA use for half-days on or about July 15, 2019.

28. On July 22, 2019 Mr. Gilardoni sent Plaintiff an updated PIP, due to his new work schedule, and requested Plaintiff sign and return the PIP by July 26, 2019.

29. On August 6, 2019 Plaintiff's physician completed new documentation certifying Plaintiff's need to utilize continuous FMLA leave through October 1, 2019.

30. The following week Mr. Gilardoni contacted Plaintiff stating he wanted to discuss Plaintiff's PIP and if Plaintiff needed any help to reach his goals. Plaintiff informed Mr. Gilardoni that he was out on continuous FMLA leave and that the required documentation had been provided to Defendant's Human Resources Department.

31. Defendant terminated Plaintiff's employment on August 20, 2019 despite his active FMLA leave.

32. From the issuance of the updated PIP on July 26th to Plaintiff's request to use continuous FMLA leave on August 6th there were a total of six working days.

33. Defendant has alleged it terminated Plaintiff due to his failure to successfully complete the PIP; however, Plaintiff was not afforded the appropriate amount of time to complete the PIP and the fact that Plaintiff was undergoing health issues and that he had active FMLA leave requests were used against him by Defendant to effectuate his termination.

34. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

35. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

36. The effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

37. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional.

38. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

39. Plaintiff has been damaged by Defendant's illegal conduct.

40. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: Disability Discrimination in Violation of the ADA

41. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-40 above.

42. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

43. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

44. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

45. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's medical condition regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

46. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his medical condition.

47. Defendant intentionally discriminated against Plaintiff based on his medical condition.

48. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

49. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## Count II: Failure to Accommodate in Violation of the ADA

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

51. Plaintiff is a disabled person as defined by the ADA in that he has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

52. Defendant failed to engage in the interactive process and failed to accommodate Plaintiff as required by the ADA.

53. As a result of the foregoing, Plaintiff was caused to be injured and damaged; to have his career significantly and adversely impacted; to forgo compensation and benefits; and to endure embarrassment, mental anguish and emotional distress.

### Count III: Retaliation in Violation of the ADA

54. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

55. Plaintiff engaged in protected activity under the ADA while employed by Defendant.

56. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

57. Defendant's conduct violated the ADA.

58. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

59. Defendant's conduct violates the ADA.

60. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

61. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

62. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count IV: FMLA Retaliation

63. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

64. Plaintiff was an employee eligible for protected leave under the FMLA.

65. Defendant is and was an employer as defined by the FMLA.

66. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

67. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, his FMLA rights.

68. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

69. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which he is entitled to legal relief.

### Count V: FMLA Interference

70. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

71. Plaintiff was an employee eligible for protected leave under the FMLA.

72. Defendant is and was an employer as defined by the FMLA.

73. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

74. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

75. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

76. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

### Count VI: Handicap Discrimination in Violation of the FCRA

77. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

78. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

79. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

80. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on his handicap.

81. Defendant intentionally discriminated against Plaintiff on the basis of his handicap.

82. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

83. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard for Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count VII: Retaliation in Violation of the FCRA

84. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

85. Plaintiff engaged in protected activity under the FCRA while employed by Defendant.

86. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

87. Defendant's conduct violated the FCRA.

88. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

89. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

90. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
*/s/ Gabrielle E. Klepper*
Gabrielle E. Klepper (92815)
Christopher A. Fennell (113546)
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gabrielle.Klepper@spielbergerlawgroup.com
Christopher.fennell@spielbergerlawgroup.com
*Counsel for Plaintiff*